UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

LGRT PRO LLC,

                        Plaintiff,

      v.

LINENS 'N THINGS CENTER, INC.,

                        Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff LGRT Pro LLC ("Plaintiff"), by and through its undersigned counsel, hereby files its Complaint for Patent Infringement against Defendant Linens 'n Things Center, Inc. ("Defendant") with knowledge of itself and on information and belief as to others as follows:

## THE PARTIES

1. Plaintiff is a Texas limited liability company with a principal office at 3401 Custer Road, Suite 125-D, Plano, Texas 75023.

2. Defendant is a New Jersey corporation with a principal office at 6 Brighton Road, Clifton, New Jersey 07015.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 et seq.

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, (i) Defendant conducts substantial business in this Judicial District, directly or through intermediaries, (ii) at least a portion of the infringements

alleged herein occurred in this Judicial District; and (iii) Defendant regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to individuals in this Judicial District.

6. Venue is proper in this Judicial District under §§ 1391(b), (c), and 1400(b).

**THE PATENT-IN-SUIT**

7. On June 6, 2001, co-inventors Matthew Paul Endress and Kenneth S. Thompson filed U.S. Patent Application No. 09/875,829 ("the '829 Application") in the U.S. Patent and Trademark Office ("USPTO"). Primary Examiner Sanjiv Shah duly and lawfully reviewed the '829 Application, ensuring that the '829 Application complied with all statutory requirements for patenting, including patent eligible subject matter under 35 U.S.C. § 101. After Primary Examiner Shah's complete review of the 829 Application and finding that the Application met all statutory requirements, the USPTO issued the 829 Application on May 17, 2005, as U.S. Patent No. 6,895,554 ("the '554 patent"), titled "Method of Document Assembly."

8. The '554 patent is presumed valid under 35 U.S.C. § 282.

9. Plaintiff is the assignee and owner of all rights, title, and interest in and to the '554 patent, including the right to assert all causes of action arising under the patent and the right to any remedies for infringement thereof.

10. The '554 patent is a technical patent. The USPTO classified the '554 patent in U.S.

class 715/530 and international class G06F 17/22 for inventions related to electrical digital data processing technologies. These classes are not related to business methods.

11. A person of ordinary skill in the art ("POSITA") for the '554 patent would have a bachelor's degree in computer science, computer engineering, or equivalent work experience, and at least four years of experience in computer systems and applications, design, and development.

12. The '554 patent and its claims, as understood by a POSITA having reviewed the 554 patent and its file history, are directed at solving problems in the art of assembling documents having one or more live data fields with data received in a database so that when the document is opened, each live field receives from the database, data associated with the live data field. Once data is received in a live data field of a document, any changes to the data in the live data field are reflected in each instance of the live data field throughout the document. If data is changed in a live data field of one document, instances of the live data field in other, related documents are automatically updated with the changed data. This invention allows multiple live data fields to be utilized at once without having to duplicate the fields across multiple documents manually.

13. A POSITA would understand that the claims of the '554 patent require the use of a specially programmed computer implementing the invention of the '554 patent. For example, a

POSITA would generally understand that practicing the '554 patent requires at least a specially programmed computer with a processor, a specially programmed database, and a specially programmed user interface. The user interface would be specially programmed to receive parameter data from a live data field and pass them to the processor for storage in a database. The processor would run specialized software that locates and identifies the parameter data in the database and populates instances of live data fields in documents with the parameter data. The processor would run specialized software that modifies and transforms the parameter data, stores and retrieves the modified and transformed parameter data to and from the database, and repopulates the live data fields with the modified and transformed parameter data. Finally, the processor would run the specialized software to display with a user interface the live data fields containing the database parameter data that may or may not have been modified or transformed.

14. In order for a POSITA to practice the invention of the '554 patent, the POSITA would have to, inter alia, implement the above steps using specialized software. Such an implementation would transform a generic computer into a specially programmed computer. Because such a specially programmed computer provides functionality not present in a generic computer, a POSITA would understand that a computer specially programmed according to the invention of the '554 patent is a technological improvement over a generic computer.

15. Further, a POSITA would understand that the claims of the '554 patent could not

be practiced by human interaction alone, and that only a specially programmed computer could populate live data fields in a manner required by the '554 patent.  Moreover, only a computer specially programmed according to the invention of the '554 patent could simultaneously populate, edit, and transform data across multiple live data fields as claimed and provided by the invention of the '554 patent.

16. Still further, a POSITA would understand that the '554 patent does not preempt other methods of populating, editing, and transforming live data fields that are not covered by the claims of the '554 patent depending on the attributes and properties of the data populated, edited, or transformed in the live data fields.  The "live data fields," their "attributes," and their "properties" as recited in the '554 patent's claim language are to be specifically construed for infringement purposes in view of the '554 patent's specification and prosecution history.  When properly construed, these terms are limited to their corresponding disclosures in the '554 patent's specification and prosecution history under 35 U.S.C. 112, paragraphs one and two (pre-AIA).  Such constructions are encouraged to preserve the statutory presumption of validity of the '554 patent under 35 U.S.C. 282.

## COUNT I
### INFRINGEMENT OF THE '554 PATENT UNDER 35 U.S.C. §§ 271(a) & (b)

17. Plaintiff incorporates by reference each of its allegations in paragraphs 1 to 16 herein.

18. On information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '554 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling within this Judicial District and elsewhere in the United States, a computer implemented system for assembling an electronic document to, for example, open or initialize a document having at least one live data field where customers are instructed to provide their billing and/or shipping information; initialize a record in computer memory for each live data field; insert user-provided data, such as shipping and/or billing information, into a first data field; and insert data from the first live data field into a second live data field based on the type of information to be stored in each field, such as a name, street address, city, state, zip code, and/or telephone number. Such a system is an integral part of Defendant's https://www.lnt.com/Checkout electronic commerce website.

19. Additionally, and/or in the alternative, on information and belief, Defendant has actively induced and continues to actively induce the infringement of one or more claims of the 554 patent in violation of 35 U.S.C. § 271(b) by, among other things, actively, knowingly, and intentionally encouraging, aiding, and/or abetting others, such as its employees, customers, and end-users, to make, use, offer for sale, and/or sell portions of a computer implemented system via Defendant's https://www.lnt.com/Checkout electronic commerce website, which infringes one or more claims of the '554 patent, with the specific intent to encourage infringement and with

the knowledge that the making, using, offering to sell, and/or selling of such a system would constitute infringement.

20. Defendant has had knowledge of the '554 patent at least as early as the date Plaintiff's Complaint for Patent Infringement was filed. Additionally, at least as early as that date, Defendant knew or should have known that its continued direct infringement by its continued offering, use, deployment, and/or operation of the at least one computer implemented system and its continued induced infringement by its continued support of others, such as its employees, customers, and end-users, if those parties perform any limitations of one or more of the claims of the '554 patent, would constitute direct and/or induced infringement of the '554 patent.

21. On information and belief, even though Defendant has been aware of the '554 patent and that its employees, customers, and end-users infringe the '554 patent since at least the filing of the Complaint in this litigation, to date Defendant has not made any changes to the functionality, operation, marketing, sales, technical support, etc. of its website to avoid infringing the '554 patent; nor has Defendant informed its employees, customers, or end-users how to avoid infringing the '554 patent. On information and belief, Defendant itself is unaware of any legal or factual basis that its actions solely, or in combination with the actions of its employees, customers, and end-users, do not constitute direct or induced infringement of the '554

patent.

22.     To date, on information and belief, Defendant has not obtained or requested any opinion of counsel relating to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any claim of the '554 patent.

23.     Since at least the filing of the Original Complaint, Defendant's continued actions of, inter alia, making, using, operating, and making available its electronic commerce website with its knowledge of the '554 patent constitute an objectively high likelihood of infringement of the '554 patent, which was duly and legally issued by the USPTO and is presumed valid.  As such, Defendant willfully, wantonly, and deliberately infringed and continues to infringe the claims of the '554 patent in blatant disregard of Plaintiff's Constitutional patent rights.

24.     As a result of Defendant's infringement of the '554 patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate it for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by this Court.

25.     Plaintiff is also entitled to recover from Defendant the damages sustained by it as a result of Defendant's willful infringement of the '554 patent in an amount subject to proof at trial, which, by law, may be enhanced three times under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

A. Judgment that Defendant has directly infringed and/or induced infringement of the '554 patent;

B. Judgment that Defendant has willfully infringed the '554 patent;

C. An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past and future infringement of the '554 patent, including any infringement from the date of filing of the Original Complaint through the date of judgment, together with interest and costs under 35 U.S.C. § 284;

E. An award of treble damages under 35 U.S.C. § 284;

F. Judgment that this case is exceptional and an award of Plaintiff's reasonable attorneys' fees and costs under 35 U.S.C. § 285; and

G. An award to Plaintiff of such further relief at law or in equity as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims and issues so triable.

By: /s/Jean-Marc Zimmerman
Jean-Marc Zimmerman (ID #37451989)
Zimmerman Law Group
233 Watchung Fork
Westfield, New Jersey 07090
Tel: (908) 768-6408
Fax: (908) 935-0751
jmz@zimllp.com
Attorneys for Plaintiff

Dated: January 11, 2017